**PIC INCORPORATED, Plaintiff and Counterclaim Defendant,**

v.

**The PRESCON CORPORATION, Defendant and Counterclaim Plaintiff,**

v.

**Frederic A. LANG, Counterclaim Defendant.**

### Civ. A. No. 76–432.

United States District Court, D. Delaware.

March 5, 1980.

William J. Wier, Jr., and Robert Jacobs, Bader, Dorsey & Kreshtool, Wilmington, Del., Robert J. Washburn, Woodcock, Washburn, Kurtz & Mackiewicz, Philadelphia, Pa., for PIC Inc. and Frederic A. Lang.

Richard P. Beck, Morris, James, Hitchens & Williams, Wilmington, Del., Paul Van-Slyke, and Ben D. Tobor, Arnold, White & Durkee, Houston, Tex., for The Prescon Corp.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

The subject matter of this suit is patent No. 3,646,748 granted to Frederic A. Lang in 1972 entitled "TENDONS FOR PRE-STRESSED CONCRETE AND PROCESS FOR MAKING SUCH TENDONS" ("the Lang patent"). Plaintiff, PIC Incorporated ("PIC"), the assignee of the Lang patent, has presented to this Court a motion to strike defendant The Prescon Corporation's ("Prescon") amended answer to interrogatory No. 10. This interrogatory poses a series of questions pertaining to tendons produced by Prescon which allegedly infringe the Lang patent. Prescon submits its answer was supplemented pursuant to Rule 26(e), F.R.Civ.P. because an allegedly new interpretation of the claims of the patent was made by Lang during the prosecution of his reissue patent application. For the reasons set forth below, plaintiff's motion to strike will be granted.

PIC filed its first set of interrogatories on January 28, 1977 and Prescon's answers and objections to these interrogatories were filed on April 4, 1977. Interrogatory No. 10 and Prescon's original answer are as follows:

10. For each tendon type described in response to interrogatory 5(a), state:

(a) whether it comprises a multiple-wire strand encased in a corrosion inhibitor;

(b) the nature of the corrosion inhibitor in which the multiple wire strand is encased;

(c) the geometric nature of the inhibitor encasement around the strand and in particular the thickness of such encasement;

(d) whether such tendon has a plastic jacket covering said encased strand;

(e) the composition of the strand of such tendon;

(f) the composition of the plastic jacket of such tendon;

(g) whether the strand has on its outer surface a thin coating of a polymer, and if so identify the polymer;

(h) whether in making such tendon, the plastic jacket is melt-extruded and shrunk to a seamless plastic tubular jacket around the encased strand.

ANSWER 10.

| | 1/4" & 7MM Wire | 1/2 & .6 Multi-Strand | 3/8, 1/2" & .6 Monostrand |
|---|---|---|---|
| a. | No | Yes | Yes |

| 1/4" & 7MM Wire | 1/2 & .6 Multi-Strand | 3/8, 1/2" & .6 Monostrand |
| --- | --- | --- |
| b. | Cement Grout | Prescon Rod Grease |
| c. | Circular of varying thickness | Circular, .005 to .020 inches in |
| d. No. | No | Yes, sometimes |
| e. | | High Carbon Steel |
| f. | | Polyethelene |
| g. No | No | No polymer |
| h. | | Extruded, but not shrunk |

On January 10, 1980, Prescon filed its supplemental answer to Interrogatory No. 10 which read as follows:

| 1/4" & 7MM Wire | 1/2 & .6 Multi-Strand | 3/8, 1/2" & .6 Monostrand |
| --- | --- | --- |
| a. No | No | No |
| b. | Not Applicable | Not Applicable |
| c. | Not Applicable | Not Applicable |
| d. No | No | Yes |
| e. | High Carbon Steel | High Carbon Steel |
| f. | Not Applicable | Polyethelene |
| g. No | No | No |
| h. | | No |

Prescon's purpose in "supplementing" its answer was to deny that its tendons include a corrosion inhibitor (Doc. No. 93, at 2). Its purported authority for doing so is Rule 26(e) which imposes a limited duty upon parties to supplement their responses to discovery.[1] Prescon contends that new information arising during the reissue application proceeding initiated by Lang requires the supplementation of its answer to Interrogatory No. 10. This "information" is an interpretation of the claims of the Lang patent made by Lang, specifically Lang's definition of a "corrosion inhibitor."

Rule 26(e), enacted in 1970, is designed to prevent a party from surprising his adversary by setting forth new facts at trial not disclosed during the discovery process. *See* *Havenfield Corp. v. H & R Block, Inc.*, 509 F.2d 1263 (8th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *P. A. B. Prodiuts Et Appareils de Beaute v. Satinine Societa in Nome Collettivo di S. A. e. M. Usellini*, 570 F.2d 328 (C.C.P.A.1978). Before any duty to supplement one's responses arises, however, it must be shown that the failure to disclose the new facts would amount to a knowing concealment. *Havenfield Corp., supra*, at 1272. "It is the new facts that the rule seeks to bring out in the open, not new contentions which may be based upon allegedly new facts." *Id.*

Rule 26(e) does not support Prescon's attempt to supplement its answers to Interrogatory No. 10, as it is attempting to bring "new contentions" to PIC's attention, not "new facts." In effect, by amending its answer, Prescon is seeking to deny infringement of an element of claim 1 of the Lang patent. This is a legal contention which remains for resolution at trial.[2] Moreover, as the "new facts"—the interpretation given to the term "corrosion inhibitor" in the Lang patent—were discovered from plaintiff's reissue application, failure to disclose these facts to the plaintiff would not constitute a knowing concealment. *Havenfield Corp., supra*, at 1272.

Prescon also contends that the patent doctrine of file wrapper estoppel supports its action. This doctrine "precludes a patent owner in an infringement suit from obtaining a construction of a claim that would in effect resurrect subject matter surrendered during the course of proceedings in the Patent and Trademark Office" or from "urging a narrow construction of a

---

1. Rule 26(e) provides in pertinent part:

   (e) A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

   .   .   .   .   .

   (2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

2. Similarly, Prescon's original answer is not an *admission* of infringement. Interrogatory No. 10 makes no reference to the Lang patent. Prescon, in its original answer, has merely stated that "the nature of the corrosion inhibitor" contained in some of its tendons is "Prescon Rod Grease" or "Cement Grout"; whether or not Prescon's tendons contain a corrosion inhibitor of the type encompassed by the Lang patent must be determined at trial.

claim in order to avoid invalidity if such a construction would be identical to a claim rejected and abandoned." 4 Chisum, *Patents*, § 18.05 at 18–55 (1979). *See Coleco Industries, Inc. v. United States Int'l Trade Commission*, 573 F.2d 1247, 65 C.C.P.A. 105 (1978); *National Research Development Corp. v. Great Lakes Carbon Corp.*, 410 F.Supp. 1108 (D.Del.1975). Prescon contends that in prosecuting the reissue application, Lang interpreted the term "corrosion inhibitor" in such a manner as to remove Prescon's product from the scope of the patent.

File wrapper estoppel is a "tool in the construction of claims and hence the determination of infringement." 4 Chisum, § 18.05[1] at 18–56 (1979). As such, it has no application to the motion before the Court. Whether the doctrine applies to reissue proceedings and if so, whether the actions of PIC or Lang in prosecuting the reissue application in the Patent Office invoke the doctrine are questions to be resolved at trial in the determination of the infringement issue.

An order will be entered granting plaintiff's motion to strike defendant's supplemental answer to Interrogatory No. 10.